UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OOCL (USA) INC.,

                      Plaintiff,

-v-                                                  No. 13-cv-5418 (RJS)
                                                          OPINION AND ORDER

TRANSCO SHIPPING CORP.,

                      Defendant.

RICHARD J. SULLIVAN, District Judge:

      On October 29, 2010, Plaintiff OOCL (USA) Inc. commenced this action in New York State Supreme Court against Defendant Transco Shipping Corp., asserting claims for breach of contract and account stated to recover demurrage and detention fees that Plaintiff incurred while cargo sat unclaimed on its vessel in the Port of New York. (Doc. No. 1, Ex. A.) The parties consented to removal of the state action to federal court on August 2, 2013. (Doc. No. 1.) On July 27, 2015, the Court presided over a bench trial in this action (*see* Minute Entry for Proceedings, dated July 27, 2015), and on December 23, 2015, the Court issued an Opinion and Order finding for Plaintiff and awarding damages in the amount of $57,473, plus prejudgment interest, reasonable attorneys' fees, and costs (Doc. No. 85). Now before the Court are several post-trial motions from the parties, including: (1) Defendant's motion to amend the judgment pursuant to Rule 59(e) (Doc. No. 86), (2) Defendant's proposal for the calculation of prejudgment interest (Doc. No. 89), (3) Plaintiff's application for reasonable attorneys' fees (Doc. No. 87), and (4) Plaintiff's proposal for prejudgment interest (Doc. No. 88). For the reasons set forth below, the Court construes Defendant's motion to amend the judgment as a motion for reconsideration and denies it. The Court also concludes that Plaintiff is entitled to prejudgment interest at a rate

of 0.4251 percent from August 29, 2008 to the date of this Order, as well as $8,620.95 in reasonable attorneys' fees and $2,297.90 in reasonable costs.

I. DISCUSSION

The Court assumes the parties' familiarity with the facts and procedural history of this case, as set forth in the Court's December 23, 2015 Opinion and Order ("December 23 Opinion"), and repeats only those facts necessary to resolve the pending motions. (Doc. No. 85.) In deciding these motions, the Court has considered the parties' trial affidavits and exhibits, as well as their submissions since the Court's December 23 Opinion. (*See* Doc. Nos. 86, 87, 88, 89, 90, 91, 96, 97, 99, 100, 101, and 102.)

A. Motion for Reconsideration

Although Defendant frames its motion as one to alter the judgment pursuant to Rule 59(e), it bears noting that the Clerk of the Court has not entered a judgment in this case. *See* Fed. Rule Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). Accordingly, the Court instead construes Defendant's submission as a motion for reconsideration pursuant to Local Civil Rule 6.3. *See* Local Civil Rule 6.3 ("[A] notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment.").

In any event, a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and a motion for reconsideration under Local Civil Rule 6.3 are assessed under the same standard. *In re Evergreen Mut. Funds Fee Litig.*, 240 F.R.D. 115, 117 (S.D.N.Y. 2007) (citing cases). That standard is a stringent one: a motion for reconsideration "will generally

2

be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "Alternatively, a motion for reconsideration may be granted to 'correct a clear error or prevent manifest injustice.'" *Banco de Seguros Del Estado v. Mut. Marine Offices, Inc.*, 230 F. Supp. 2d 427, 428 (S.D.N.Y. 2002) (quoting *Griffin Indus., Inc. v. Petroiam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999)). Importantly, a motion for reconsideration "may not be used to advance new facts, issues[,] or arguments not previously presented to the Court, nor may it be used as a vehicle for re-litigating issues already decided by the Court." *Am. ORT, Inc. v. ORT Israel*, No. 07-cv-2332 (RJS), 2009 WL 233950, at *3 (S.D.N.Y. Jan. 22, 2009) (internal quotation marks omitted); *accord Kahala Corp. v. Holtzman*, No. 10-cv-4259 (DLC), 2011 WL 1118679, at *1 (S.D.N.Y. Mar. 24, 2011) (citing *Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos., Inc.*, 265 F.3d 97, 115 (2d Cir. 2001)).

As an initial matter, Plaintiff contends that Defendant's motion is untimely. (Doc. No. 90 at 4.) Pursuant to Rule 6.3, "a notice of motion for reconsideration . . . of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion." Moreover, failure to timely submit a motion for reconsideration is sufficient grounds for denying it. *See, e.g.*, *Pietrisch v. JP Morgan Chase*, 789 F.Supp.2d 437, 457 (S.D.N.Y.2011) (denying a motion for reconsideration as untimely); *Siemens Westinghouse Power Corp. v. Dick Corp.*, 219 F.R.D. 552, 554 (S.D.N.Y.2004) (same). Here, Defendant's motion was submitted 30 days after the Court's December 23 Opinion. Thus, Defendant's motion is untimely

under Local Civil Rule 6.3.[1] Nevertheless, because a court may exercise its discretion to extend time under Local Civil Rule 6.3, *see, e.g., Grand Crossing, LP. v. U.S. Underwriters Ins. Co.*, No. 03-cv-5429 (RJS), 2008 WL 4525400, at *1 (S.D.N.Y. Oct. 6, 2008), the Court will address the merits of the motion, on which it also fails.

Defendant – without offering any new facts or law – seeks to relitigate two evidentiary issues that were already decided by the Court. First, Defendant once again objects to the authenticity of Trial Exhibit 25, an image of a receipt dated May 3, 2013, based on "the emails which accompanied it." (Doc. No. 86 at 2.) Second, Defendant seeks to alter a sentence in the judgment about the timing of Defendant's notification to the third-party buyer.

With respect to Exhibit 25, Defendant made this same objection at trial, stating that Exhibit 25 – an image of a receipt that references a $1,017 check with a date of April 26, 2013 – "lacks the indicia of authenticity." (Transcript of Proceedings, Dated July 27, 2015, Doc. No. 79 ("Trial Tr.") 39:23.) Specifically, Defendant now contends that Exhibit 24 – an email chain that includes a March 8, 2013 email referring to a $1,017 recovery amount, which the Court excluded at trial at Defendant's request because the chain was generated as a result of litigation – contradicts the facts in Exhibit 25. However, Defendant offers no compelling reason as to why Exhibit 24 proves the inauthenticity of Exhibit 25. Although Defendant contends that Exhibit 24's reference to a "$1,017 check" is "an impossibility if Exhibit 25 were genuine" – since the March 8, 2013 e-mail predates the April 26, 2013 date in Exhibit 25 – the trial record does not support this argument. (Doc. No. 86 at 2.) Significantly, the March 8, 2013 e-mail did not actually state that a check had been issued; it referred only to a "$1,017.00 recovery amount." (Plaintiff's Exhibit 24.) Only on May 2, 2013,

---

[1] The Court notes that, even if the Clerk of the Court had entered judgment after the December 23 Opinion, Defendant's motion would also be untimely under Rule 59, which requires that a motion to alter or amend the judgment be made within twenty-eight days of the entry of the judgment sought to be amended. Fed. R. Civ. P. 59(e). As noted above, Defendant here filed its motion thirty days after the December 23 Opinion. (*See* Doc. No. 86.)

4

which obviously postdates April 26, 2013, did an e-mail in that same chain state "they have sent me a check for the $1,017.00." (*Id.*) Moreover, in describing Exhibit 25, one of Plaintiff's witnesses, Vincent DiSanto, who authenticated the exhibit, specifically stated that the receipt "shows how the payment was assigned" (Trial Tr. 26:2), but "doesn't show when [the check] was actually remitted" (*id.* 26:22-23). The e-mail chain in Exhibit 24 and the receipt in Exhibit 25 can thus easily be read to be consistent with each other. Accordingly, Exhibit 24 simply does not prove the inauthenticity of Exhibit 25 and therefore is insufficient to justify reconsideration of the Court's decision to admit Exhibit 25 at trial.

Defendant also asks the Court to alter a sentence in the December 23 Opinion, which states that "[a]fter endorsing and presenting each bill of lading, Defendant notified the third-party buyer of the arrival of the cargo." (Doc. No. 85 at 5.) Defendant argues that the evidence does not support the conclusion that the notification occurred after the bills of lading were endorsed and that the sentence should instead read that "Transco notified the U.S. importer of the arrival of the vessels before it endorsed the bills of lading." (Doc. No. 86 at 2.) However, the only evidence cited by Defendant in support of the proposed change are handwritten notations on the arrival notices, which do not show that the notification occurred before the bills of lading were endorsed. Accordingly, Defendant has offered no justification for inserting its proposed language.

Nevertheless, having once more reviewed the evidence introduced at trial, the Court finds that the record is equally unclear as to whether the bills of lading were endorsed before or after Defendant notified the third-party buyer of the arrival of the cargo. Accordingly, the Court modifies the December 23 Opinion to eliminate the phrase "[a]fter endorsing and presenting each bill of lading." (Doc. No. 85 at 5.) The first full sentence on page 5 should thus state only that "Defendant notified the third-party buyer of the arrival of the cargo." Of course, this change does

not alter any of the Court's conclusions of law, since the Court's findings were not based on the timing of this notification.

## B. Prejudgment Interest

Defendant now argues that prejudgment interest should not be awarded from the date on which Plaintiff began accruing demurrage, but rather from the date on which Defendant had an obligation to pay, if not later. (Doc. No. 86 at 2.) The Court already ruled in its December 23 Opinion that "Plaintiff is entitled to prejudgment interest based on the average annual United States Treasury Bill rate, from the date Plaintiff began accruing demurrage and detention charges on August 29, 2008 to the date of this Opinion and Order." (Doc. No. 85 at 14 (citing *Man Ferrostaal, Inc. v. M/V Akili*, 763 F. Supp. 2d 599, 614 (S.D.N.Y. 2011).) Specifically, relying on *Man Ferrostaal, Inc.*, the Court concluded that prejudgment interest should run from the date of Plaintiff's losses, which is the date on which Plaintiff began accruing demurrage and detention charges.

Here, Defendant does not identify any "factual matters or controlling decisions" overlooked by the Court, but merely attempts to relitigate an issue already decided in the Court's December 23 Opinion. Specifically, Defendant argues that, at the earliest, prejudgment interest should run from the date on which Defendant had an obligation to pay, defined, without citation to any evidence in the record, as thirty days after the invoice dates. (Doc. No. 86 at 3-4.) Defendant argues in the alternative that prejudgment interest should not begin to run until July 24, 2015, when Plaintiff produced documentation on the amount of the credit from the sale of the cargo. (*Id.* at 4.)

The Court is unpersuaded by either of these arguments. In its December 23 Opinion, the Court properly determined that Plaintiff's losses started on August 29, 2008, when demurrage and detention charges began to accrue. (Doc. No. 85 at 14 (citing *Man Ferrostaal, Inc.*, 763 F. Supp.

2d at 614.) Moreover, the record is clear that Defendant had notice of its obligations under the bills of lading, which had been sent to Defendant by e-mail and in hard copy when Plaintiff's vessel left China. (Doc. No. 85 at 4.) Accordingly, the Court reaffirms its decision to award prejudgment interest from August 29, 2008 to the date of judgment, which is the date of this Order, at the average annual rate of interest on United States Treasury bills during the period from 2008 to today as provided by the Federal Reserve, which is 0.4251 percent. *See* Board of Governors of the Federal Reserve System, *Selected Interest Rates (Daily) – H.15*, https://www.federalreserve.gov/releases/h15/data.htm (last visited July 7, 2016); *see also Mohan v. La Rue Distribs., Inc.*, No. 06-cv-0621 (FB) (RLM), 2008 WL 4822266, at *4 (E.D.N.Y. Oct. 27, 2008) (calculating average rate of interest across years).

### C. Attorneys' Fees

In its December 23 Opinion, the Court concluded that Plaintiff was entitled to attorneys' fees. On January 22, 2016, Plaintiff submitted an affidavit requesting $45,675 in attorneys' fees plus $2,437.90 in costs. (Doc. No. 87.) On February 8, 2016, Defendant filed an opposition to Plaintiff's application for attorneys' fees (Doc. No. 91), asserting that Plaintiff's entitlement to attorneys' fees was limited by the terms of Plaintiff's retainer agreement with its counsel. The Court agreed with Defendant, and on May 10, 2016, the Court ordered that Plaintiff's counsel produce its retainer agreement in order for the Court to assess the reasonableness of Plaintiff's requested attorneys' fees and costs. (Doc. No. 95.)

In an affidavit submitted on May 24, 2016, Plaintiff's counsel conceded that, in light of the contingency fee agreement, Plaintiff was only entitled to 15 percent of the final judgment amount in attorneys' fees, or $8,620.95. (Doc. No. 96.) On June 7, 2016, Defendant opposed Plaintiff's request, arguing for the first time that Plaintiff is not entitled to attorneys' fees at all. (Doc. No.

97.) Plaintiff subsequently moved to strike Defendant's opposition on the basis that it sought to reargue issues already determined by the Court's December 23 Opinion, or in the alternative, for permission to file a supplemental submission in response to Defendant's opposition. (Doc. No. 101.) Defendant, in turn, opposed Plaintiff's motion to strike. (Doc. No. 102.)

As an initial matter, the Court finds that Defendant's opposition to Plaintiff's May 24, 2016 submission is an improper attempt to relitigate issues already decided by the Court. Specifically, Defendant's initial opposition to Plaintiff's attorneys' fees was based on the sole ground that the requested fees were unreasonably high. (Doc. No. 91.) It was only after Plaintiff submitted its retainer agreement that Defendant decided to oppose Plaintiff's basic entitlement to attorneys' fees. (Doc. No. 97.) Accordingly, the Court treats Defendant's June 7, 2016 opposition to Plaintiff's request for attorneys' fees as a motion for reconsideration of the Court's decision to award attorneys' fees in its December 23 Opinion. In addition to the fact that such a motion is untimely, as it comes almost six months after the Court's initial order on the subject (*see* Local Civil Rule 6.3), the motion also fails on the merits, since Defendant offers no authority or facts that the Court overlooked, or any other reason to alter the Court's initial conclusion that Plaintiff is contractually entitled to attorneys' fees based on the terms and conditions of each bill of lading. (*See* Doc. No. 85 at 14.)

With respect to the amount of reasonable attorneys' fees to which Plaintiff is entitled, the Court concludes that Plaintiff may only recover attorneys' fees to the extent permitted by the agreement between Plaintiff and its counsel, which, here, is a contingency fee agreement for 15 percent of the final judgment. (*See* Doc. No. 96, Ex. A.) The law is clear that the Court may not award attorneys' fees in excess of those agreed to between Plaintiff and its counsel. *See F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1264 (2d Cir. 1987) (concluding that it

would be "surpassingly difficult to justify an award" in excess of the amount to which the plaintiff's counsel was entitled based on a contingency fee agreement); *see also Diamond D Enters. USA, Inc. v. Steinsvaag*, 979 F.2d 14, 20 (2d Cir. 1992) ("In *Krear*, we held it unreasonable to foist upon the defendant his adversary's attorneys' fees calculated by hourly billing in light of the one-third contingent fee arrangement this plaintiff in fact made with [its attorneys] for other litigation involving the Contracts at issue here." (internal quotation marks omitted)). Given that Plaintiff's entitlement to attorneys' fees here is also contractual and not statutory, the same reasoning applies. In short, Plaintiff may not now seek attorneys' fees beyond those provided for in the original retainer agreement simply because Defendant is paying. Accordingly, Plaintiff's recovery of attorneys' fees is limited to the original contingency agreement of 15 percent of the amount of the judgment.

The Court also concludes that an award of 15 percent of the judgment constitutes a reasonable fee in this case. *See In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 226, 240 (2d Cir. 1987) ("It is well established that a district court, pursuant to its rulemaking authority or on an *ad hoc* basis, may review a contingency fee agreement."). In its original request for attorneys' fees, Plaintiff's counsel indicated that it had spent 182.4 hours on this matter at an hourly rate of $250, for a total request of $45,675 in attorneys' fees. (Doc. No. 87 at 2.) As a general matter, the Court finds that the hours expended were reasonable in light of the fact that the matter went to trial. And, but for the limitation imposed by the Plaintiff's contingency fee arrangement with counsel, the Court would have found that the rate of $250 for an attorney with sixteen years of experience was appropriate in a maritime dispute such as this one. *See, e.g., Navig8 Chems. Asia Pte., Ltd. v. Crest Energy Partners, LP*, No. 15-cv-7639 (PAE), 2015 WL 7566866, at *2 (S.D.N.Y. Nov. 24, 2015) (approving rate of $335 per hour in maritime case); *Gentle Wave Shipping S.A. v. Transfield*

*Shipping Inc.*, No. 09-cv-7909 (RWS), 2010 WL 571975, at *2 (S.D.N.Y. Feb. 16, 2010) (approving rates ranging from $290 per hour for second-year associate to $620 per hour for partner in confirmation of arbitral award for maritime dispute). As a result of the contingency fee agreement, Plaintiff's counsel is collecting far less than it might have if it had billed its client on an hourly basis. The Court thus finds that the contingency agreement is reasonable. *See D.J. ex rel. Roberts v. City of New York*, No. 11-cv-5458 (JGK) (DF), 2012 WL 5431034, at *8 (S.D.N.Y. Oct. 16, 2012) ("[I]n contingency-fee cases where counsel's time records suggest that the lodestar would likely be materially higher than the proposed contingency fee, courts generally award the contingency fee . . . ."), *adopted*, 2012 WL 5429521 (S.D.N.Y. Nov. 7, 2012).

The Court also concludes that Plaintiff may recover $2,297.90 in reasonable costs, which include filing fees, transcripts, and transportation to the courthouse. (Doc. No. 87.) The Court has reduced the amount requested by Plaintiff by $140 in light of apparent duplicative entries on April 2, 2013 and April 3, 2013 for costs relating to a request for judicial intervention. (*See* Doc. No. 87.) Other than these duplicative costs, Defendant does not contest the costs requested by Plaintiff and the Court finds that the rest of the costs are reasonable and in line with the type of costs normally incurred and charged to clients. *See DeCurtis v. Upward Bound Int'l, Inc.*, No. 09-cv-5378 (RJS), 2011 WL 4549412, at *9 (S.D.N.Y. Sept. 27, 2011). Accordingly, the Court awards Plaintiff $8,620.95 – or 15 percent of the final judgment amount – in attorneys' fees and $2,297.90 in reasonable costs.

### III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT Defendant's motion for reconsideration is DENIED, although the Court makes one modification to the December 23 Opinion. Specifically, the Court eliminates the phrase "[a]fter endorsing and presenting each bill

of lading" in the first full sentence on page 5 of that Opinion and Order, so that the sentence shall state only that "Defendant notified the third-party buyer of the arrival of the cargo." IT IS FURTHER ORDERED THAT, in addition to the $57,473 judgment already awarded, Plaintiff is awarded prejudgment interest at a rate of 0.4251 percent from August 29, 2008 to the date of this Order, as well as $8,620.95 in reasonable attorneys' fees and $2,297.90 in reasonable costs. The Clerk of the Court is respectfully directed to enter final judgment for Plaintiff consistent with this Order and the Court's December 23 Opinion (Doc. No. 85), to terminate the motion pending at docket number 86, and to close this case.

SO ORDERED.

Dated:     August 23, 2016
           New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE